ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JONAH P. ROSS (CABN 305076)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    jonah.ross@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 21-CR-00472-JST |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | Date: January 26, 2024 |
| JAMES RAMEY, | Time: 9:30 a.m. |
| Defendant. | |

## INTRODUCTION

While fleeing from police officers in August of 2021, Defendant James Ramey, a man with considerable criminal history, discarded a backpack containing a disassembled assault weapon and 22 rounds of ammunition.  Defendant has pleaded guilty in the instant case to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).  Defendant has suffered several prior felony convictions, including a 2017 conviction for felony domestic violence.

For the reasons set forth below, the government requests that the Court sentence Defendant 47 months imprisonment, a three-year term of supervised release (with the conditions recommended by probation and set forth in the plea agreement), a $100 special assessment, and order forfeiture of the firearm and ammunition seized.

# BACKGROUND

## I.    Offense Conduct

On August 13, 2021, officers from the Concord Police Department arrested defendant James Ramey following a foot pursuit in an area occupied by homeless encampments.  *See* Presentence Investigation Report ("PSR") ¶ 6.  During the chase and before his detention by the officers, Ramey discarded a backpack.  *Id*.  Officers, who were aware of outstanding warrants for Defendant's arrest and of his release on Post Release Community Supervision, searched the backpack and found a disassembled assault rifle that was capable of accepting a large capacity magazine.  *Id*., ¶ 7.  The rifle had no serial number.  *Id*.  Officers also found in the backpack a loaded assault rifle magazine, a black plastic LCO red dot sight case containing a Leupold sight and one round of 9 mm ammunition, and a box containing 11 rounds of ammunition.  *Id*.

## II.   Criminal History

Defendant has suffered the following convictions as an adult:

- 2007:  California Vehicle Code § 10851(a) (taking or driving vehicle without owner's consent), a felony;

- 2007:  California Health and Safety Code § 11377(a) (possession of controlled substance), a misdemeanor;

- 2008:  California Penal Code § 245(a)(1) (assault with a deadly weapon or instrument other than a firearm or by force likely to produce great bodily injury), a felony;

- 2009:  California Penal Code § 459, second degree (non-residential burglary) and § 496(a) (possession of stolen property), both felonies;

- 2012:  California Vehicle Code § 10851(a) (taking or driving vehicle without owner's consent), a felony and Penal Code § 148(a)(1) (obstruction of peace officer), a misdemeanor;

- 2013:  California Penal Code § 25850(a) (possession of loaded firearm), § 29800(a)(1) (possession of firearm by a felon), and Health and Safety Code § 11377(a) (possession of controlled substance), all felonies;

- 2015:  California Vehicle Code § 2800.4 (evading police while driving in wrong

1    direction), a felony;

2    • 2015:  California Health and Safety Code § 11377(a) (possession of controlled

3       substance), a misdemeanor;

4    • 2017:  California Penal Code § 273.5(a) (inflicting injury on spouse, cohabitant, or fellow

5       parent resulting in traumatic condition), and Vehicle Code §§ 10851(a) (taking or driving

6       vehicle without owner's consent) and 2800.4 (evading police while driving in wrong

7       direction), all felonies;

8    • 2018:  California Vehicle Code § 2800.2 (evading peace officer with wanton disregard

9       for safety), a felony; Penal Code § 466 (possession of burglar tools), a misdemeanor;

10      Health and Safety Code §11364 (possession of controlled substance paraphernalia), a

11      misdemeanor;

12   • 2019:  California Health and Safety Code § 11377(a) (possession of controlled

13      substance), a misdemeanor;

14   • 2020:  California Penal Code § 22610(a) (felon in possession of a stun gun) and Health

15      and Safety Code § 11377(a) (possession of controlled substance), both misdemeanors;

16   **III.    Procedural Posture**

17      On December 9, 2021, the grand jury returned an indictment charging Defendant with being a

18   felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).  ECF No. 1.  On April 12,

19   2023, Defendant was ordered detained pending trial.  ECF No. 8.  On August 4, 2023, Defendant

20   pleaded guilty to the charge against him.  ECF No. 22.  Per the plea agreement, the parties agreed that

21   the applicable Offense Level under the Sentencing Guidelines is 19, and the government agreed to

22   recommend a sentence of 47 months in custody.  ECF No. 21.

23                                           **ARGUMENT**

24   **I.     Legal Standard**

25      The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of

26   any sentencing process and are to be kept in mind throughout the process.  *See United States v. Carty*,

27   520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007).  The

28   overarching goal of sentencing, as set forth by Congress, is for the Court is to "impose a sentence

sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991.  In accomplishing that goal, the

Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include (among other

factors):

> (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)   the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3)   the need for the sentence imposed to afford adequate deterrence to criminal conduct;
>
> (4)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## II.   Sentencing Guidelines Calculation

As set forth in the PSR and the plea agreement, the Sentencing Guidelines calculations for

Defendants offense level is as follows:

|  | U.S.S.G. Section | Level/Points |
|---|---|---|
| Base offense level | §2K2.1(a)(3)<br><br>Defendant committed the instant offense after having committed a crime of violence.[1] | 22 |
| Acceptance of responsibility | §3E1.1(a) and (b) | -3 |
| Total offense level | | 19 |

PSR ¶¶ 15-24.

The Probation Officer concluded that Defendant's criminal history score is 19, and he therefore

falls into Criminal History Category VI.  *Id.*, ¶ 41.  As reflected in the PSR, the Guidelines range for

imprisonment associated with adjusted offense level 19 and Criminal History Category VI is 63-78

---

[1] The Ninth Circuit has held that a felony violation of California Penal Code § 273.5(a) is categorically a crime of violence.  *See United States v. Grant*, No. 09-cr-01035-PJH-1, 2016 U.S. Dist. LEXIS 88328, at *5 (N.D. Cal. July 7, 2016) citing *United States v. Laurico-Yeno*, 590 F.3d 818, 823 (9th Cir. 2010) and *United States v. Ayala-Nicanor*, 659 F.3d 744, 753 (9th Cir. 2011).

months of incarceration.  *Id*. ¶ 84.  The Probation Officer recommends a 47-month sentence.  *Id*. at Sentencing Recommendation.

### III.    The United States' Sentencing Recommendation

The United States recommends that the Court sentence Defendant to 47 months imprisonment, which represents a downward variance from the applicable guidelines range.  Consistent with 18 U.S.C. § 3553(a), such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense and to provide specific deterrence given Defendant's criminal history, but also to account for relevant mitigating factors.

Defendant's conduct here is dangerous, and the offense he committed is serious.  While on Post Release Community Supervision, officers located Defendant in an area occupied by homeless encampments.  Defendant fled from the officers, who were aware of outstanding warrants for Defendant's arrest, and discarded a backpack before surrendering to the officers.  In the backpack, officers located, among other items, a disassembled assault rifle capable of accepting a large capacity magazine, a loaded assault rifle magazine, and 22 rounds of ammunition.  Although the rifle was disassembled when the officers found it, it was later found to be operable.

Nonetheless, the government agrees with the PSR that a variance is justified by the factors listed in § 3553, most notably the history and characteristics of the defendant.   As the PSR details, Defendant has faced considerable challenges throughout his life:  his father was absent, and his mother, who struggled with drug addiction, would often disappear.  PSR ¶ 60.  Defendant himself began living on the streets and using drugs by the age of 13.  *Id*., ¶ 61.  Defendant is also a past victim of violent crime: Defendant reported having been kidnapped and shot in the neck at the age of 25.  *Id*., ¶ 63.  Further, Defendant has never served a prison sentence longer than two years and has no record of gun violence. The government's sentencing recommendation of 47 months represents a significant increase from his previous incarceration.  Lastly, Defendant has expressed a desire to receive both mental health and substance abuse treatment.  The government is hopeful Defendant will avail himself of available treatment options, as recommended by probation.  PSR at Sentencing Recommendation.

//

//

UNITED STATES' SENTENCING MEMO.        5
21-CR-00472-JST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For the foregoing reasons, the government recommends that the Court sentence Defendant to 47 months in prison, a three-year term of supervised release, and a $100 special assessment.  The Court should also order Defendant to forfeit his interest in the firearm and ammunition seized from him.


DATED:  January 19, 2024                                        Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney


*/s/ Jonah P. Ross*
JONAH P. ROSS
Assistant United States Attorney